COPY                                                                    COPY

THE ATTORNEY GENERAL

(Seal)                                  OF TEXAS

GROVER SELLERS                    Austin 11, Texas
Attorney General


Dr. E. N. Jones, President                    Opinion No. 0-7012
Texas College of Arts and Industries
Kingsville, Texas                             Re: Can the Board of Directors of the
                                              Texas College of Arts & Industries
                                              legally enter into a contract with a
Dear Dr. Jones:                               coach who receives a part of his salary
                                              under the educational appropriation bill
                                              and agree to pay him out of the athletic
                                              department income for a longer period
                                              than one year?

        Your letter of December 28, 1945, reads, in part, as follows:

        "If a coach is paid entirely from the athletic fund, the source of which
is entirely from athletic department income, I judge it is in order for a
contract of two, three, five or more years to be entered into. It would seem,
from newspaper reports, that the University of Texas and A. & M. College fol-
low such a plan.

        "Would the signing of a contract for more than one year at a time be legal-
ly tenable if the institution, being smaller, does not employ a coach for inter-
collegiate athletic purposes only, but uses a part of his time for physical
education activity work and thereby pays a part of his salary, at least, from
state appropriations?"

        A proper determination of your question requires a review of the following perti-
nent statutes and Section 6 of Article VIII of the Texas Constitution, to-wit:

        "Sec. 6. No money shall be drawn from the Treasury but in pursuance of
specific appropriations made by law; nor shall any appropriation of money
be made for a longer term than two years, except by the first Legislature to
assemble under this Constitution, which may make the necessary appropriations
to carry on the government until the assemblage of the sixteenth Legislature.

        The 49th Legislature at its Regular Session in 1945 specifically passed legisla-
tion on this subject in Senate Bill 324 (Chapter 362, page 652, Laws of 1945), Section 1 of
which reads, in part, as follows:

        "Section 1. The salaries of all State Officers and all state employees,
except those Constitutional State Officers whose salaries are specifically
fixed by the Constitution, and except the salaries of the District Judges and
other compensation of District Judges shall be, for the period beginning
September 1, 1945, and ending August 31, 1947, in such sums or amounts as may
be provided for by the Legislature in the general appropriation bills. . ."

        In conformity with Section 6 above, the 49th Legislature in 1945 passed what is
commonly called the Educational Appropriation Bill (Chapter 377, page 682, Acts of Regular

Session, 1945), Section 1 of which appears as follows:

"Section 1. (a)  That all balances in the institutional funds of the several State institutions named in this Act, at the close of the fiscal year ending August 31, 1945, including balances in their revolving funds at that time, and the entire income in said funds during each of the two fiscal years ending August 31, 1946, and August 31, 1947, which are not otherwise appropriated for either or both of said fiscal years are hereby appropriated for the support, maintenance, operation, and improvement of said State institution during each of said fiscal years, respectively."

At page 765 of Chapter 377, supra, appears the specific appropriation to which you allude, viz.:

"Health and Physical Education"

|  |  | For the Years ending | |
| --- | --- | --- | --- |
|  |  | Aug. 31, 1946 | Aug. 31, 1947 |
| 39. | Professor and head of Department | $3,300 | $3,300 |
| 40. | Associate professor |  | 2,300 |
| 41. | Instructor | 2,200 | 2,200 |
| 42. | Instructor |  | 2,200" |

Subsection 11 of Chapter 377, supra, reads:

"Athletic or Extramural Department.  The general provisions made in this Act shall not apply to athletic or extramural departments, and as to these exceptions, the governing board shall make such necessary rules and adjustments as may be deemed advisable."

Section 1 of Article 2654d of Vernon's Annotated Statutes of 1925, reads, in part, as follows:

"The governing boards of . . . Texas College of Arts and Industries . . . may retain control respectively of the following sums of money collected at each of said several institutions in carrying out the functions of an educational institution, such as . . . receipts from school athletic activities . . . ."

The institutional funds, including receipts from school athletic activities, mentioned in Section 1 of Article 2654d, and appropriated by Section 1, Subdivision (a) of the Educational Appropriation Bill for the current biennium are State funds and could not be expended unless they were appropriated by the Legislature.

It is apparent that the coach, if employed, will be an employee of the College, and his salary will be paid from State funds, whether he is paid entirely or partly from receipts derived from the school's athletic activities, or from the appropriation made to the College out of the State's General Fund for the current biennium ending August 31, 1947.  Therefore, the Board of Directors of the Texas College of Arts and Industries are unauthorized to enter into a contract with an employee for his services for a term extending beyond August 31, 1947, the expiration date of the current appropriation made for such purpose.

Dr. E. N. Jones - page 3     O-7012


You are further advised that we know of no legal objection to your Board making a contract with a teacher or athletic coach for his services for a period of time extending beyond August 31, 1947, subject to subsequent appropriations being made by the Legislature to pay his salary for such time of employment. If no such appropriations are made such a contract would then terminate when the current appropriation expires, August 31, 1947.

                              Yours very truly,

                              ATTORNEY GENERAL OF TEXAS

                              By     s/  Wm. J. Fanning

                              Wm. J. Fanning
                              Assistant

WJF:AMM:wc

APPROVED   JAN 16, 1946
s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By   s/BWB   Chairman